Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue,
Venice, CA 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>JOTFORM, INC., d/b/a "Noupe," a California corporation; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>Jury Trial Demanded |

August Image, LLC prays to this Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

# PARTIES

4. Plaintiff AUGUST IMAGE, LLC, a New York limited liability company, is a full-service rights managed collection that represents an elite group of portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing. As the exclusive syndicator of the photographs at issue in this case, August is entitled to institute and maintain this action under 17 U.S.C. § 501(b).

5. Upon information and belief, Defendant JOTFORM INC. d/b/a "Noupe" ("NOUPE") is a California corporation with its principal place of business located at 4 Embarcadero Ctr, Suite 780, San Francisco, CA 94111. Upon information and belief, NOUPE owns, operates, and controls the commercial website noupe.com and its related/affiliated subdomains, mobile websites, social media pages, and applications ("Noupe's Website"). Upon information and belief, NOUPE publishes content (including advertisements and/or sponsored content) about Los Angeles and/or from residents of this judicial district on Noupe's Website, and otherwise does business in and with this judicial district with respect to Noupe's Website.

6. Upon information and belief, Defendants DOES 1-10 (collectively with NOUPE, "Defendants") are other parties not yet identified who have infringed the asserted copyrights, have contributed to the infringement of the asserted copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants 1-10 are presently unknown to Plaintiff, which therefore sues DOE Defendants 1-10 by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

7. Upon information and belief, and at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or

conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## DEFENDANTS' UNAUTHORIZED EXPLOITATION OF THE SUBJECT PHOTOGRAPH

8. August is the exclusive syndicator of an original photo, AU175877, registered with the U.S. Copyright Office ("Subject Photograph"), and represents the photographer who took and owns the Subject Photograph. Accordingly, August has standing to maintain this action under 17 U.S.C. § 501(b).

9. Following the publication and display of the Subject Photograph, Defendants, and each of them, displayed the Subject Photograph for commercial purposes on Noupe's Website without a license from AUGUST.



AU175877



10. In May 2023, AUGUST sent NOUPE a cease-and-desist correspondence demanding the removal of the Subject Photograph from Noupe's Website and requesting information regarding its use of the Subject Photograph to explore an amicable resolution to this dispute. AUGUST did not receive a response from Defendants.

**FIRST CLAIM FOR RELIEF**

**(For Copyright Infringement – Against All Defendants, and Each)**

11. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

12. Upon information and belief, Defendants had access to the Subject Photograph, including through viewing the Subject Photograph on AUGUST's and/or the photographer's websites, social media accounts, publications, profiles, and/or exhibitions; on an Internet search engine or third-party website; and/or through striking similarity (i.e., because verbatim copies of the Subject Photograph were displayed on Noupe's Website).

13. Upon information and belief, Defendants displayed the Subject Photograph for commercial purposes on Noupe's Website without a license from AUGUST.

14. Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

15. Due to Defendants' acts of copyright infringement, Defendants have obtained profits they would not have realized but for their infringement of the copyright in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the copyrights in the Subject Photograph in an amount to be established at trial.

16. Upon information and belief, Defendants committed copyright infringement with actual or constructive knowledge of, or with reckless disregard or

willful blindness for, Plaintiff's rights, such that their acts of copyright infringement were willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a. That Defendants, each of them, their agents, and anyone working in concert with Defendants and/or their agents, be enjoined from using the Subject Photograph without Plaintiff's authorization in a manner that infringes the copyrights in the Subject Photograph;

b. That Plaintiff be awarded Defendants' profits, and Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its costs and fees under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: May 3, 2024

DONIGER/BURROUGHS

By: /s/ *Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
Attorneys for Plaintiff